IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| EmeryAllen, LLC, | )  |
|           Plaintiff, | ) Case No. 2:20-cv-4332-RMG |
| v. | ) |
| MaxLite Inc., | ) **ORDER AND OPINION** |
|           Defendant. | ) |

Before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6) (Dkt. No. 20). For the reasons set forth below, the Court grants in part the motion and dismisses this action for improper venue.

## Background

Plaintiff EmeryAllen, LLC alleges that it is organized and exists under the laws of South Carolina and has a principal place of business in Mount Pleasant, South Carolina. (Dkt. No. 17 ¶ 2). Plaintiff alleges Defendant MaxLite Inc. is organized and exists under the laws of the State of New York and has a principal place of business in West Caldwell, New Jersey. (*Id.* ¶ 3).[1] Sometime in 2016, Defendant allegedly requested a meeting with Plaintiff to determine if Plaintiff could supply its "JA8-compliant miniature lamp" to Defendant under a private label supply arrangement. (*Id.* ¶ 30). The miniature lamp is a commercial embodiment of the inventions claimed under Plaintiff's Asserted Patents. (*Id.* ¶ 21). The parties entered into a Non-Disclosure Agreement ("NDA"). (*Id.* ¶ 31). Though the Amended Complaint is not clear on this point, it appears

---

[1] In its motion to dismiss, Defendant asserts that it is organized under the laws of the New Jersey, not New York. (Dkt. No. 20-1 at 3).

1

undisputed from the parties' respective briefing that these discussions did not result in Plaintiff selling Defendant any product and were generally conducted, over the course of five months, via email. *See* (Dkt. No. 20-1 at 5-7); (Dkt. No. 20-4). Plaintiff alleges that "Defendant [then] developed its Accused Product based on confidential information provided by [Plaintiff] under the NDA, including information regarding the size and shape of the EmeryAllen product." (Dkt. No. 17 ¶ 33).

Plaintiff brings five causes of action: (1) Patent Infringement; (2) Breach of Contract; (3) Breach of Contract Accompanied by a Fraudulent Act; (4) Violation of South Carolina Unfair Trade Practices Act; and (5) Unjust Enrichment.

Defendant moves to dismiss the Amended Complaint for improper venue, lack of personal jurisdiction, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6). (Dkt. No. 20). If the Court finds venue improper in South Carolina, Defendant requests that the action be dismissed or transferred to the District of New Jersey. Plaintiff opposes. (Dkt. No. 23). Defendant filed a reply. (Dkt. No. 26).

Defendant's motion is fully briefed and ripe for disposition.

## Legal Standard

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, parties are permitted to file motions to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3); *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 209 (4th Cir. 2007). To grant a motion under Rule 12(b)(3), the court must find that venue is improper. See Fed. R. Civ. P. 12(b)(3). "'When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper.'" *Ameristone Tile, LLC v. Ceramic Consulting Corp., Inc.*, 966 F.Supp.2d 604, 616 (D.S.C. 2013) (brackets omitted) (quoting *Butler v. Ford Motor Co.*, 724 F.Supp.2d 575, 586 (D.S.C. 2010)).

2

However, the plaintiff is required "to make only a prima facie showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). "In assessing whether there has been a prima facie venue showing, [the court] view[s] the facts in the light most favorable to the plaintiff." *Id.* (citing *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011)). Moreover, "[o]n a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings." *Id.* at 365-66 (citing *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)).

A case filed in an improper venue must be dismissed, or, if it is in the interest of justice, transferred to a district in which it could have been brought. 28 U.S.C. § 1406(a). Under the general venue statute, a civil action may be brought, and venue is proper, in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action

28 U.S.C. § 1391(b).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled

to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

## Discussion

### a) Propriety of Venue — Plaintiff's Patent Claim

The proper venue for this action is "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). It is undisputed that Defendant does not reside in South Carolina. Viewing all facts in a light most favorable to Plaintiff, Defendant appears to have sold allegedly infringing products in South Carolina. *See* (Dkt. No. 23-5) (receipt of an order for the Accused Product shipped from LED Lowcountry, LLC, Bluffton, SC to Plaintiff); (Dkt. No. 23-8) (shipping invoice of Defendant to LED Lowcountry, LLC, Bluffton, SC). South Carolina, therefore, is a proper venue for this action if and only if Defendant has "a regular and established

place of business" in South Carolina. For purposes of patent litigation venue, a corporation has a "regular and established place of business" where it "does its business ... through a permanent and continuous presence." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

Plaintiff argues Defendant has a "regular and established place of business" in South Carolina because (1) Defendant has two employees located in South Carolina, one of whose sales territory includes South Carolina, (2) South Carolina is a sales territory for Defendant, (3) Defendant admits that roughly "2% of its revenues" come from sales originating in South Carolina, (4) Defendant, as a wholesaler distributor, sells products to "various businesses, distributors and merchants" in South Carolina, and (5) Defendant signed an NDA that is governed by South Carolina law. (Dkt. No. 23 at 3-6). Defendant responds with sworn statements that (1) it neither leases nor owns business premises of any type in South Carolina, (2) that it does not maintain a South Carolina telephone number or bank account, and (3) that while one employee works remotely for the company from his home in South Carolina, he does not make sales, maintain inventory, or interact with customers in South Carolina. (Dkt. No. 20-1 at 11-12).

Plaintiff fails to meet its burden to show venue for its patent claim is proper in South Carolina. The "identity of [Defendant's] South Carolina customers, and the volume of its sales to South Carolina customers, are not relevant to the § 1400(b) venue analysis." *Hand Held Products, Inc. v. Code Corp.*, 265 F. Supp. 3d 640, 645 (D.S.C. 2017); *see Flexible Techs., Inc. v. Sharkninja Operating LLC*, No. 8:17-cv-00117-DCC, 2018 U.S. Dist. Lexis 35520, at *10 (D.S.C. Feb. 14, 2018) ("The mere fact that a domestic company 'does business' in a particular state is not enough to satisfy the 'regular and established place of business' requirement under the venue statute."), *report and recommendation adopted*, 2018 U.S. Dist. Lexis 35040, (D.S.C. Mar. 5, 2018) (transferring case); *Mastantuono v. Jacobsen Mfg. Co.*, 184 F. Supp. 178, 180 (S.D.N.Y. 1960);

*American Cyanamid Co. v. Nopco Chemical Co.*, 388 F.2d 818 (4th Cir. 1968). The presence of third parties distributing Defendant's products also is irrelevant. *Code Corp.*, 265 F.3d at 645. The most relevant allegation to support proper venue is that Defendant has one employee who resides in South Carolina. In *Cordis*, the defendant had two sales representatives resident in Minnesota, who continuously maintained inventory in Minnesota, and utilized a Minnesota secretarial service to provide them with office support. 769 F.2d at 736–37. Here, by contrast, Defendant simply has one employee living in South Carolina.[2] That is insufficient to qualify as a "regular and established place of business." *See Univ. of Ill. Found. v. Channel Master Corp.*, 382 F.2d 514, 516 (7th Cir. 1967) (single sales representative without office space and without inventory is insufficient under § 1400(b)). "Indeed, that [Defendant] is not even licensed to do business in South Carolina is practically dispositive in determining that [Defendant] does not conduct business in South Carolina through a 'permanent and continuous presence.'" *Code Corp.*, 265 F. Supp. at 646. The Court therefore concludes that South Carolina is an improper venue for Plaintiff's patent infringement claim.

    b) **Propriety of Venue — Plaintiff's State Law Claims**

To begin, Plaintiff bears the burden to establish that venue is proper as to each claim and as to each defendant. *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.*, 784 F. Supp. 306,

---

[2] In its opening brief, Defendant asserted it had one employee "who works remotely, that resides in South Carolina. This employee works out of his home. MaxLite, Inc. pays no fees related to the maintenance or upkeep of this employee's residence." Defendant also asserted it had "one regional salesman, who is an employee, and whose territory includes South Carolina. This regional salesman lives in North Carolina." (Dkt. No. 20-2 at 2). In opposition, Plaintiff attached screenshots from LinkedIn—a professional networking website—indicating both employees self-identified as living in South Carolina. (Dkt. No. 23-2). In its reply, however, Defendant attached an affidavit from Stephen Entrekin, one of the above noted employees. Entrekin affirms that before beginning to work for Defendant in 2018, Entrekin lived in South Carolina, but that since then he has lived continuously in New Jersey. (Dkt. No. 26-1). The Court therefore assumes, in deciding Defendant's motion, that only one of Defendant's employees lives in South Carolina.

6

316 (D.S.C. 1992). Plaintiff argues that § 1931(b)(1) and (b)(2) both support venue. The pertinent law provides:

> **(b) Venue in general.** A civil action may be brought in —
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
>
> . . .
>
> **(c) Residency.** For all venue purposes —
>
> . . .
>
> **(2)** an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business

28 U.S.C. § 1391.

As it concerns § 1391(b)(1), the Court rejects Plaintiff's argument that Defendant "resides" in South Carolina. (Dkt. No. 23 at 23-28). As noted above, Defendant is incorporated and headquartered in New Jersey and is not a citizen of South Carolina. No party disputes this. Further, while Plaintiff details various contacts Defendant has with South Carolina, Plaintiff's state law claims do not arise out of those contacts. Accordingly, venue is not proper under § 1391(b)(1). *See, e.g.*, *Sharkninja*, 2018 U.S. Dist. Lexis 35520, at *13; *Jarrett v. North Carolina*, 868 F. Supp. 155, 159 (D.S.C. 1994) (noting § 1391 ties the "test for venue with the standard for establishing personal jurisdiction" and finding venue improper as a single act, namely "the receipt in South

7

Carolina of information sent by Defendants from North Carolina[,] cannot establish personal jurisdiction over Defendants . . . or proper venue"). The Court now turns to § 1391(b)(2).

In considering § 1391(b)(2), venue will be proper only if a substantial part of the events giving rise to Plaintiff's state law claims occurred in South Carolina, or if a substantial part of property that is the subject of the action is situated in South Carolina. "The test for determining venue [under § 1391(b)] is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994); *see also Zike, LLC v. Catalfumo*, No. 6:11-1841-TMC, 2012 U.S. Dist. LEXIS 192169, at *3 (D.S.C. Feb. 29, 2012) ("'The statutory standard for venue focuses not on whether a defendant has made a deliberate contact—a factor in the analysis of personal jurisdiction—but on the location where events occurred.'" (quoting *MTGLQ Inv'rs, L.P. v. Guire*, 286 F. Supp. 2d 561, 565 (D. Md. 2003)). In general, "in determining whether events or omissions are sufficiently substantial to support venue under the amended statute, a court should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather, it should review 'the entire sequence of events underlying the claim.'" *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (internal citation omitted).

Here, Defendant "reached" into South Carolina via email to discuss purchasing product from Plaintiff. The parties executed an NDA governed by South Carolina law, but which lacked a venue provision. (Dkt. No. 17-6 at 3). The parties exchanged emails over the course of five months regarding Defendant purchasing product from Plaintiff—culminating in Defendant buying nothing. (Dkt. No. 20-4). During these conversations, none of Defendant's employees is alleged to have visited South Carolina. Then, in New Jersey and China, Defendant allegedly breached the NDA and used information obtained via these exchanges to select a Chinese manufacturer which

8

produced the Accused Product in China. (Dkt. No. 20-1 at 7, 21). The Accused Product was sold by Defendant to independent businesses, including some in South Carolina. The Accused Product is allegedly still manufactured in China and sold in South Carolina and in other locations.

Pursuant to § 1391(a)(2), venue in this case is improper in South Carolina as a substantial part of the events giving rise to the claims alleged in the Amended Complaint did not take place here. By way of comparison, this Court determined that venue was proper in South Carolina in a breach of contract case where an out-of-state company negotiated a franchise agreement with a South Carolina company and the out-of-state company subsequently failed to make monthly payments and submitted false sales figures to the South Carolina corporation. *ARCpoint Franchise Grp., LLC v. Blue Eyed Bull Inv. Corp.*, C/A No. 6:18-cv-00235-AMQ, 2018 U.S. Dist. LEXIS 101528, at *7 (D.S.C. June 13, 2018). Conversely, in *Industry Services Group v. Kensington*, the Court found that a general assertion that an out-of-state defendant conducted business with South Carolina customers and occasionally traveled to this state was insufficient to establish venue—the allegations failing to show a substantial part of the events or omissions giving rise to a claim for breach of a non-compete agreement occurred in the state. *Indus. Servs. Grp. v. Kensington*, C/A No. 3:17-cv-02286-DCC, 2018 U.S. Dist. LEXIS 132699, at *5 (D.S.C. July 23, 2018), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 132264 (D.S.C. Aug. 7, 2018). Likewise, in *Sharkninja*, a case closely analogous to the matter here, the Court found venue was improper over the plaintiff's breach of contract and trade secret appropriation claims.

In *Sharkninja*, the plaintiff was a Delaware corporation with its principle place of business in South Carolina. The defendant was a Delaware corporation with its principal place of business in Massachusetts. The parties did not dispute that the defendant sold the allegedly infringing products in South Carolina. Pertinently, the plaintiff alleged that defendant misappropriated

9

plaintiff's trade secrets when it visited plaintiff's South Carolina facility and through numerous emails sent from plaintiff to defendant. The court found, however, that venue over plaintiff's breach of contract and trade secrets claims was improper in South Carolina. *Id.* at *16 ("[A]lthough some action did take place in this District, the overwhelming majority of actions occurred in Massachusetts. Additionally, the facts seem to indicate that a substantial part of the property at issue (*i.e.*, the accused product) is, likewise, in Massachusetts or China."). The court continued:

> Furthermore, in a breach of contract case, the claim generally arises for § 1391(b)(2) purposes in the "place of intended performance." In this instance, the agreement that was allegedly breached was an agreement to keep information confidential; not to perform an action in any particular place. And, while the Visitor's Confidentiality Agreement provided for South Carolina law to govern its interpretation and indicated consent to the jurisdiction of South Carolina courts upon breach of the agreement, the agreement says nothing about venue. . . . While the provision in the Visitor's Confidentiality Agreement may establish that jurisdiction is proper in South Carolina, it does not establish that venue elsewhere is not proper.

*Id.* at *16-17 (finding venue improper) (internal citations omitted). Here, as in *Sharkninja*, Defendant is alleged to have breached an NDA which lacked a mandatory venue clause. *See* (Dkt. No. 17-7 at 3) (stating only that the NDA is "made under . . . the laws of the state of South Carolina") (emphasis removed). Further, unlike in *Sharkninja*, Defendant here is not alleged to have even visited South Carolina. In sum, as an even fewer number of the events giving rise to this action occurred in South Carolina than in *Sharkninja*, venue is improper over Plaintiff's state law claims.

      **c)    Transfer**

The venue statute requires district courts to dismiss a case filed in an improper venue; alternatively, a court may, in the interest of justice, transfer the case to an appropriate district. 28 U.S.C. § 1406(a). Under the plain language of § 1406(a), dismissal—and not transfer—is the default disposition of a case filed in an improper venue. When evaluating the propriety of a

transfer, rather than a dismissal, within the context of § 1404, the "interest of justice" has been interpreted to include such factors as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties and the possibility of harassment." *Bd. of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988).

Transfer, unlike dismissal, potentially restricts a plaintiff's ability to choose a proper venue, and so transfer should occur only when relevant factors show the transfer will serve the interest of justice. The decision whether to transfer or dismiss a case is committed to the sound discretion of the district court. *United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir.1981). For example, it is within the district court's discretion to deny a request to transfer a case if it determines that "the plaintiff's attorney could reasonably have foreseen that the venue in which he filed was improper." *Jarrett v. North Carolina*, 868 F. Supp. 155 at 160 (citing N*ichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993)). On the other hand, numerous courts have determined that it is in the interest of justice to transfer a case to a proper forum rather than dismiss a case where the statute of limitations might prevent a plaintiff from commencing a new suit in the proper forum. *See Burnett v. New York C. R. Co.*, 380 U.S. 424, 430 n. 7, 85 S. Ct. 1050, 13 L. Ed. 2d 941 (1965); see also 14D Charles Alan Wright, et al., Federal Practice and Procedure § 3827 n.31 (3d ed. 2011) (collecting cases).

Here, Defendant requests that this action be dismissed or, in the alternative, transferred to the District of New Jersey. Plaintiff, for its part, objects to transfer, noting it would be a hardship to litigate in the District of New Jersey and arguing venue is proper in the District of South Carolina.

As dismissal is the default disposition of a case filed in the improper venue, and as Plaintiff has not requested that this matter be transferred if the Court finds venue improper, the Court dismisses this action without prejudice. *See* § 1406(a) (noting that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss . . . such case") (emphasis added).

## Conclusion

For the reasons set forth above, the Court **GRANTS in part and DENIES in part** Defendant's motion to dismiss or transfer (Dkt. No. 20). The motion is **GRANTED** to the extent that the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3). Defendant's motion is otherwise **DENIED.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
United States District Judge

May 25, 2021<br>
Charleston, South Carolina